UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM J. STEVENS and GEORGE K. MARTIN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) 14-CV-3328 ) |
| RUSHVILLE TREATMENT AND DETENTION CENTER, DR. SEAN JUMPER, MS. SHARLENE CARAWAY, and LIBERTY HEALTH CARE, INC., | ) ) ) ) ) ) |
| Defendants. | ) |

## OPINION

**MICHAEL M. MIHM, U.S. District Judge:**

Plaintiffs are detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Act. They seek leave to proceed in forma pauperis on their claims that they should be paid for working at the facility, should have access to educational programs to better themselves, and should be conditionally released.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without

legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee is paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the allegations state a federal claim for relief. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2103).

      Plaintiffs contend that they should be paid money for the jobs they perform at the facility instead of the "points" awarded to them, which can be only be used at the commissary. They assert that they are unable to accumulate the money necessary to buy clothes and shoes that fit properly. One of the Plaintiffs[1] asserts that he has been unable to buy special diabetic shoes and is still waiting to see a foot doctor. Plaintiffs argue that they should not have to rely on their loved ones for financial support, nor should they be required work in order to buy items at the commissary. Although

---

[1] Which Plaintiff has the foot problem is unclear.

residents are not forced to work, "if a resident expects to have anything around here, we have no choice but to work . . . ." (Complaint p. 5.)

Plaintiffs have no constitutional right to be paid, in points or dollars, for the work they perform at the facility. *See Vanskike v. Peters*, 974 F.2d 806, 809 (7th Cir. 1992)(prisoner has no constitutional right to a job in prison, nor a constitutional right to compensation for work performed). Defendants are not violating the law by conditioning rewards (i.e., points) on the performance of productive tasks at the facility.

Plaintiffs do have a constitutional right to basic human necessities such as adequate food, clothing and medical care. *Sain v. Wood*, 512 F.3d 886 (7th Cir. 2008). But the deprivation must be serious and the defendants must be deliberately indifferent to that deprivation before the Constitution is violated. No plausible claim for relief is stated by Plaintiffs' allegations of ill-fitting clothing or their desire to purchase amenities.

One of the Plaintiffs might be able to state a claim about the lack of special shoes for his diabetic condition or his need to see a foot doctor, depending on the circumstances, but those allegations

belong in a separate case against the individuals who have denied the shoes or the appointment with a specialist.

Plaintiffs also seem to allege general dissatisfaction with their mental health treatment. Plaintiffs are constitutionally entitled to adequate treatment for the mental disorders that keep them detained, but the mental health professionals decide what that treatment is. *Allison v. Snyder*, 332 F.3d 1076, 1081 (7th Cir. 2003)("(a) committed persons are entitled to some treatment, and (b) what that treatment entails must be decided by mental-health professionals"). Professional judgment cannot be disturbed unless the judgment is so far afield from acceptable bounds that professional judgment has not been exercised at all. *See Youngberg v. Romeo*, 457 U.S. 307, 323 (1982)(decisions by professionals at mental health facility deserve deference and violate the Constitution only if no professional judgment exercised). Plaintiffs' general and vague dissatisfaction with the treatment provided does not state a claim for the violation of a federal right.

Plaintiffs also contend that they should have access to educational and vocational programs to acquire the skills necessary to acclimate to society once they are released. It is hard to argue

with that contention, but that decision is left to the lawmakers, not to the Court. The Constitution does not entitle Plaintiffs to such programs. *See Zimmerman v. Tribble*, 226 F.3d 568, 571-72 (7th Cir. 2000)(*quoting Garza v. Miller*, 688 F.2d 480, 485 (7th Cir. 1982)("There is no constitutional mandate to provide educational, rehabilitative, or vocational programs, in the absence of conditions that give rise to a violation of the Eighth Amendment."); *Antonelli v. Sheahan*, 81 F.3d 1422 (7th Cir. 1996)("[P]articipation in a rehabilitative program is a privilege that the Due Process Clause does not guarantee.") The plaintiffs in *Zimmerman* and *Antonelli* were convicted prisoners, but the Court sees no legal basis for reaching a different conclusion with regard to civil detainees. *See Elliott v. Baker*, 2008 WL 4876871 *2 (N.D. Ill. 2008)(not published in F.Supp.2d)("The federal Constitution does not require state authorities to provide convicted prisoners educational, rehabilitative, or vocational opportunities . . . . The Court is unaware of any authority, nor does Elliott cite any, suggesting that the rules are different for civilly committed persons."); *Cooke v. Johns*, 2013 WL 4500668 (E.D.N.C. 2013)(unpublished)("As a civil

detainee, plaintiff has no constitutional right to educational, vocational, or rehabilitative programs.")(collecting cases).

To the extent Plaintiffs seek conditional release, they are challenging their confinement, a challenge which must first be pursued in their state circuit court cases, pursuing all available appeals. Only after exhausting state court remedies may Plaintiffs seek release in federal court, through a federal habeas corpus action. *See, e.g.*, *DeWalt v. Carter*, 224 F.3d 607, 614 (7th Cir. 2000)(federal challenges to the fact or duration of confinement must be pursued in habeas action, not in an action under 42 U.S.C. § 1983).

**IT IS ORDERED:**

1. Plaintiffs' petitions to proceed in forma pauperis are denied (2, 3) because Plaintiffs fail to state a federal claim.

2. This case is dismissed, without prejudice. All other pending motions are denied as moot (9, 10).

ENTERED: 05/01/2015

s/ Michael M. Mihm
---
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE